Opinion
 

 THE COURT.*
 

 Walter D. Schmier appeals the dismissal of his petition for writ of mandate entered after a general demurrer to it had
 
 *317
 
 been sustained without leave to amend. At issue is whether the Trustees of the California State University may be compelled to retain Schmier on active employment beyond the mandatory retirement age of 67 (Gov. Code, § 20981; Ed. Code, § 24207
 
 [1]
 
 ).
 

 In 1967 Schmier was hired as an assistant professor by the President of San Diego State College (now San Diego State University). At that time the mandatory retirement age for public employees was 70. Schmier successfully achieved tenure.
 

 Effective June 21, 1971, Government Code section 20981 was amended to lower the mandatory retirement age for public employees to 67. A state college employee of the rank of professor or lower could elect to complete the quarter, semester or academic year during which he attained compulsory retirement age.
 

 Schmier contends the college president had authority to contract on behalf of the state college trustees (Ed. Code, §§ 23608 and 23605). Since the “contract” was with reference to the acquisition of tenure and a compulsory retirement age of 70 (at the time of the contract), Schmier contends he has a contractual right to employment to age 70 and his termination at age 67 was a breach of his contract.
 

 Miller
 
 v.
 
 State of California,
 
 18 Cal.3d 808, 813 [135 Cal.Rptr. 386, 557 P.2d 970], holds against Schmier’s contention and unless it can be distinguished, is controlling.
 
 Miller
 
 holds public employment is not held by contract but by statute: “[N]o employee has a vested contractual right to continue in employment beyond the time or contrary to the terms and conditions fixed by law.”
 
 (Miller
 
 v.
 
 State of California, supra,
 
 18 Cal.3d 808,813.)
 

 Miller
 
 further held: “In view of these long and well settled principles, we conclude that the power of the Legislature to reduce the tenure of plaintiff’s civil service position and thereby to shorten his state service, by changing the mandatory retirement age was not and could not be limited by any contractual obligation.”
 
 (Miller
 
 v.
 
 State of California, supra,
 
 18 Cal.3d 808, 814.)
 

 
 *318
 
 This last cited holding of
 
 Miller
 
 disposes of Schmier’s contention the trustees are bound to continue him in active employment under the doctrine of promissory estoppel.
 

 Schmier attempts to distinguish
 
 Miller
 
 on the basis that Education C,ode section 24207 vests discretion in the trustees to continue an employee beyond compulsory retirement age “for the good of the service.” Contrary to Schmier’s contention, that provision does not convert his employment to a contractual relationship by granting power to comply with an “agreement” to employ to age 70. The discretion to extend employment beyond mandatory retirement age is itself a statutory right which must be exercised as provided by the statute and granted to those who are mentally and physically sound, on a year to year, nontenure basis, for the good of the service and at the discretion of the trustees.
 

 We conclude Schmier’s employment was governed by statute rather than contract, as set forth in
 
 Miller,
 
 and no liability may be imposed by reason of his termination at the mandatory retirement age.
 

 Schmier attacks statutoiy establishment of mandatory retirement based on age as being unconstitutional. If
 
 Townsend
 
 v.
 
 County of Los Angeles,
 
 49 Cal.App.3d 263 [122 Cal.Rptr. 500] is still good law as applied to the statutes as they read when Schmier was retired, his' arguments must be rejected. That case dealt with and ruled against Schmier’s contentions which are asserted in this case.
 

 What complicates an otherwise routine disposition of this issue is the enactment of Assembly Bill No. 568 (Stats. 1977, ch. 852) as an urgency statute, to take effect immediately. Assembly Bill No. 568 generally does away with age-mandated compulsory retirement where the employee wishes to continue work and the employer certifies the worker as being competent. Section one of the bill provides: “The Legislature of the State of California finds and declares that the use of chronological age as an indicator of ability to perform on the job and the practice of mandatory retirement from employment are obsolete and cruel practices.. The downward trend toward involuntary retirement at ages from 55 years represents a highly undesirable development in the utilization of California’s worker resources. In addition, this practice is now imposing serious stresses on our economy and in particular on pension systems and other income maintenance systems.”
 

 
 *319
 
 Schmier argues the uncodified statement of reasons set forth above does away with the foundation of the
 
 Townsend
 
 case by restating public policy. He argues the Legislature has effectively overruled
 
 Townsend.
 
 Aside from the separation of powers issues raised by Schmier’s contention, we are satisfied constitutionality of legislation should not be determined by amorphous concepts of public policy. Public policy correctly is used as an aid in construing the meaning of legislation and in enacting new legislation. It would only be appropriate to test the constitutionality of legislation by construing public policy in those instances where the policy in question is constitutionally mandated.
 

 Moreover, the Legislature, recognized the constitutionality of mandatory retirement based on age when it excepted from the operation of Assembly Bill No. 568 patrol or state safety members (Gov. Code, § 20983.5), local safety members and employees of contracting agencies (Gov. Code, § 20983.6).
 

 Finally, Schmier contended at oral argument Assembly Bill No. 568 should be given retrospective effect. We find nothing expressed in the statute to negative the presumption the legislation is to be applied prospectively only
 
 (Canfield
 
 v.
 
 Prod,
 
 67 Cal.App.3d 722, 729 [137 Cal.Rptr. 27]).
 

 Judgment affirmed.
 

 Appellant’s petition for a hearing by the Supreme Court was denied December 15, 1977. Mosk, J., and Newman, J., were of the opinion that the petition should be granted.
 

 [1]
 

 All references to the Education Code are to the sections as they read arid were numbered at the time of Schmier’s termination.