[Civ. No. 55008. Second Dist., Div. Two. May 9, 1979.]

JAMES D. TANTE, Petitioner, v.
BOARD OF ADMINISTRATION OF THE PUBLIC EMPLOYEES'
RETIREMENT SYSTEM, Respondent.

COUNSEL

James D. Tante, in pro. per., for Petitioner.

George Deukmejian, Attorney General, and Richard M. Radosh, Deputy Attorney General, for Respondent.

OPINION

THE COURT.—Proceeding in mandate to require the Board of Administration of the Public Employees' Retirement System to approve petitioner's application to retire on October 1, 1979, with retirement benefits. At the direction of the Supreme Court of the State of California, we granted an alternative writ.

After serving as a California judge for 20 years, James D. Tante (petitioner) retired in June 1975, and on June 16, 1975, became employed as an examiner II for the Public Utilities Commission, and a miscellaneous member in the Public Employees' Retirement System (PERS).

On the date on which petitioner became employed, section 20981 of the Government Code provided that every state miscellaneous member who attained the age of 67 on or after October 1, 1973, must be retired on the first day of the calendar month next succeeding that in which he or she attained age 67.

In 1978, section 20981 was amended, operative January 1, 1979, to require retirement in the month following the attainment of age 70 instead of age 67. Petitioner will be 67 years of age on September 10, 1979.

Government Code section 20393 provides that employees credited with five or more years of service are eligible for retirement benefits, while those with less than five years of service are, upon termination of state employment, entitled to the return of accumulated contributions to the retirement system plus interest.

Under Government Code section 20981, as it existed between October 1, 1973 and January 1, 1979, the Board of Administration of the Public Employees' Retirement System treated the statute as implicitly requiring that employees who were forced to retire before completing five years of service be given a service retirement pension based upon their years of service. Petitioner wishes to take advantage of this practice and to receive a pension, however nominal it may be, rather than a refund of his contributions plus interest. It is worth noting that on October 1, 1979, he will have completed four years, three months and thirteen days of service with the Public Utilities Commission and as a member of PERS. By working another eight months and seventeen days petitioner would qualify for the pension.

Petitioner takes the position that he has a "vested right to retire and receive a retirement allowance on and after October 1, 1979."

There is nothing novel about petitioner's contentions. They have all been raised before, though in the slightly different context of the reduction of retirement age instead of the present increase in retirement age.

In *Townsend v. County of Los Angeles,* 49 Cal.App.3d 263 [122 Cal.Rptr. 500], a public defender claimed that he had a "vested right" in the retirement age in force when he was employed by the county, which was age 70. The county later adopted a pension plan requiring county employees to retire at age 65. Townsend filed an action against the county contending that any mandatory retirement age is unconstitutional and that he was denied equal protection, since not all government employees or officers were subject to that plan. The superior court entered summary judgment for the defendant county, and the Court of Appeal affirmed, holding that reasonable modifications of retirement benefits accompanied by comparable new advantages to the particular employee are permissible. The court further held there was no "fundamental right" to work for a particular employer.

In *Schmier* v. *Board of Trustees*, 74 Cal.App.3d 314 [141 Cal.Rptr. 472], a tenured professor in a state university sought to compel the university trustees to continue his employment beyond the mandatory retirement age of 67; he had been hired in 1967 when the retirement age was 70. A general demurrer was sustained without leave to amend and the petition was dismissed. Once again, the Court of Appeal affirmed, holding that no government employee has a vested contractual right to continue in employment beyond the time or contrary to the terms and conditions fixed by law, and further that the power of the Legislature to reduce the tenure of a civil service position and thereby to shorten an employee's state service by changing the mandatory retirement age cannot be limited by any contractual obligation. In *Schmier* the court relied on *Townsend, supra,* and on *Miller* v. *State of California,* 18 Cal.3d 808 [135 Cal.Rptr. 386, 557 P.2d 970].

In *Miller,* a civil servant filed a petition for mandate and for breach of contract when he was forced to retire at the age of 67 pursuant to the 1971 amendment to Government Code section 20981, instead of at the age of 70 as provided in that statute when he entered state service 35 years earlier. Miller alleged violation of the contract clause of the United States Constitution, and of the due process clauses of the state and federal Constitutions. The superior court denied the petition and directed that Miller take nothing by his complaint. The Supreme Court affirmed unanimously, holding that it is well settled in California that public employment is not held by contract but by statute, and that, insofar as the duration of such employment is concerned, no employee has a vested contractual right to continue in employment beyond the time or contrary to the terms and conditions fixed by law. And this was true even though Miller received a pension of $1,863 per month instead of a pension of at least $2,365 per month which he would have received had he been permitted to continue working until he reached age 70.

Miller contended that the reduction in the mandatory age of retirement unconstitutionally impaired his vested pension rights by forcing him to accept a pension substantially less than he would have received had he worked until age 70. He argued that he was severely disadvantaged without being afforded comparable new advantages. The Attorney General argued that Miller's loss of pension benefits resulted not from an impairment of his vested rights, but from the occurrence of a condition subsequent to the accrual of those rights, namely, Miller's lawful termination from employment prior to the time when his right to full

benefits would have matured. The Supreme Court agreed with the position of the defendant state.

■ It is true that a public employee acquires vested rights to a pension, but this acquisition is subject to conditions and contingencies and the employee is never entitled to more of a pension than that amount which has already matured. In the present case petitioner is subject to the terms of Government Code section 20393—he can retire on October 1, 1979, and receive the return of his contributions plus interest, or he can continue to work for eight months and seventeen days, filling out five years of service and receive a pension.

Assuming a pension to be more desirable, petitioner is in a far more favorable position than Mr. Miller, who had no choice in the matter. Petitioner here is not being required to retire involuntarily. To the contrary, he demands the right to voluntary retirement *with* a pension. And that "right" he bases upon a past generous policy of the board, namely, that it did not, in the past, deprive those who had less than five years of service of their pensions when the Legislature reduced the mandatory retirement age. Petitioner's right is like an expectancy—there is no vested interest. *Miller, supra,* aggressively sought but unfortunately failed to obtain a similar result.

The change in Government Code section 20981 was made because of federal law which prohibits mandatory retirement at ages earlier than 70.

The petition is denied.

Petitioner's application for a hearing by the Supreme Court was denied July 5, 1979.