[Civ. No. 31076. Fourth Dist., Div. One. Feb. 25, 1985.]

DEBRA HINCHLIFFE, Plaintiff and Appellant, v.
CITY OF SAN DIEGO et al., Defendants and Respondents.

**COUNSEL**

Thistle & Krinsky and Christopher L. Ashcraft for Plaintiff and Appellant.

John W. Witt, City Attorney, Ronald L. Johnson, Senior Chief Deputy City Attorney, Eugene P. Gordon, Chief Deputy City Attorney, and Leslie J. Girard, Deputy City Attorney, for Defendants and Respondents.

## Opinion

**WORK, J.**—Debra Hinchliffe was hired as a probationary police officer. While still on probation, she was discharged without a hearing before the civil service commission (Commission). Claiming section 129 of the San Diego City Charter (Charter) on the date of her hiring granted such a hearing, she sought a writ of mandate. We hold Hinchliffe's hearing rights created by the Charter were not vested so as to be immune from modification by the electorate. Thus, the Charter amendment eliminating Commission review for probationary employees did not impinge any constitutionally protected right of previously hired probationary personnel. We affirm the denial of Hinchliffe's petition for writ of mandate.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 23, 1979, Hinchliffe was hired as a police officer I, a classified service position (Charter § 117) subject to a two-year probationary period. At that time, Charter section 129 provided: "*Any* officer or employee of this City in the classified service may be removed from the office or employment for cause by the appointing authority. Written notice of removal given to any officer or employee, . . . shall be sufficient to put any removal into effect. The person so notified may, within five days after such notice, demand a written statement of the reasons therefor and the right to be heard before the Civil Service Commission. . . ." (Italics added.) The Commission, however, denied a discharge hearing to probationary employees. In 1980 the Superior Court of San Diego County resolved the conflict between Charter section 129 and Commission practice in Carman v. City of San Diego (Super. Ct. San Diego Co. No. 453263). There, the court ruled a probationary classified employee was entitled to a hearing before the Commission.

Spurred largely by the Carman litigation, on June 3, 1980, the voters amended Charter section 129 to provide: "*Upon attaining permanent status pursuant to the Rules of the Civil Service Commission,* any officer or employee of the City in the classified service may be removed from office or employment for cause by the appointing authority. . . ." (Italics added.) Approximately five months after the Charter amendment, Hinchliffe was discharged. She appealed to the Commission and the chief of police; the former denied hearing. As provided in a memorandum of understanding between the City of San Diego and the San Diego Police Officers Association, Hinchliffe presented her case to the police chief's designee who, after a review of the circumstances, affirmed her dismissal.

On April 20, 1982, Hinchliffe petitioned for mandate under the Code of Civil Procedure section 1085, alleging a vested right to the section 129

protections available at the commencement of her employment, before the 1980 amendment. The trial court denied Hinchliffe's petition.

### Hinchliffe Has No Vested Right to a Dismissal Hearing

■ Under certain circumstances, a public employee, even while on probation, may acquire legally enforceable employment rights to which due process guarantees adhere. (See, e.g., *Keenan* v. *S. F. Unified School Dist.* (1950) 34 Cal.2d 708 [214 P.2d 382]; see also *Arnett* v. *Kennedy* (1974) 416 U.S. 134 [40 L.Ed.2d 15, 94 S.Ct. 1633]; *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774].) Hinchliffe argues Charter section 129, as written at the time of her hiring, vests a property right to a dismissal-for-cause hearing before the Commission which cannot be removed by later revisions to the Charter.

■ Public employment, by and large, is not held by contract, but by statute. (*Miller* v. *State of California* (1977) 18 Cal.3d 808, 813-814 [135 Cal.Rptr. 386, 557 P.2d 970]; *Butterworth* v. *Boyd* (1938) 12 Cal.2d 140, 150 [82 P.2d 434, 126 A.L.R. 838]; *Humbert* v. *Castro Valley County* (1963) 214 Cal.App.2d 1, 13 [29 Cal.Rptr. 158]; *Risley* v. *Bd. of Civil Service Commrs.* (1943) 60 Cal.App.2d 32, 37-38 [140 P.2d 167].) The public employee, thus, can have no vested contractual right in the *terms* of his or her employment, such terms being subject to change by the proper statutory authority. (*Ibid.*) ■ Similarly, employees of charter governments work subject to the amendment, revision or repeal of charter provisions affecting their employment. (See Cal. Const., art. XI, §§ 3, 5; *Risley* v. *Bd. of Civil Service Commrs., supra,* 60 Cal.App.2d at p. 37; *Cornell* v. *Harris* (1936) 15 Cal.App.2d 144, 146-147 [59 P.2d 570].) For example, in *Risley,* city employees argued the pending merger of the city department of water and power with two private utility companies would result in the loss of vested promotion and seniority rights. Addressing this argument, the Court of Appeal stated: "Plaintiffs' first two contentions may be considered together, as they involve the same fallacious concept, which is, that plaintiffs have a vested, contractual, right to have the terms of their employment continue unaffected by charter amendments. That they have rights, by virtue of the provisions of the charter, which the courts will protect against unauthorized infringement by the city or any of its legislative or executive officers or boards, is undoubtedly true, and is recognized in the large number of cases cited by the plaintiffs. But that these rights are vested, contractual, rights protected by the state and federal constitutional provisions forbidding the impairment of contracts and the taking of 'property' without due process, so that they cannot be changed, is not true . . . . *The rights to which plaintiffs would cling are created by or under the provisions of the charter and are dependent upon those provisions.* They may all be lost by

repeal of the provisions or modified by an amendment of the provisions, at the will of those who determine what the charter's terms shall be." (*Risley* v. *Bd. of Civil Service Commrs., supra,* 60 Cal.App.2d 32, 37, italics added.)

The Supreme Court has more recently recognized this principle in *Miller* v. *State of California, supra,* 18 Cal.3d 808. When the plaintiff in *Miller* was first hired by the State Controller, the mandatory retirement age was 70. After the plaintiff had worked 31 years, Government Code section 20981 was amended to set the mandatory retirement age at 67. Plaintiff claimed a vested contractual right to mandatory retirement at the age in effect when he was first employed. The court found no such right, stating: "[N]o employee has a vested contractual right to continue in the employment beyond the time or contrary to the terms and conditions fixed by law. [Citations.]" (*Id.,* at p. 813.) We have similarly applied the rule of *Miller* to a tenured state university professor retired against his will under Government Code section 20981. (*Schmier* v. *Board of Trustees* (1977) 74 Cal.App.3d 314 [141 Cal.Rptr. 472].)

 However, public employment may give rise to certain obligations which are constitutionally protected. (*Kern* v. *City of Long Beach* (1947) 29 Cal.2d 848, 852-853 [179 P.2d 799].) For example, promised compensation creates a contractual right which, once vested, "cannot be eliminated without unconstitutionally impairing the contract obligation." (*Olson* v. *Cory* (1980) 27 Cal.3d 532, 538 [178 Cal.Rptr. 568, 636 P.2d 532]; *Sonoma County Organization of Public Employees* v. *County of Sonoma* (1979) 23 Cal.3d 296, 314 [152 Cal.Rptr. 903, 591 P.2d 1].) Hinchliffe does not make a compensation claim, but instead seeks to prove a vested right to the *terms* of her employment as stated at the date of her hiring. Her argument fails, however, to transcend the rule and reasoning of *Risley* and *Miller.* Moreover, the extensive case authority on which she relies also fails to advance her argument. Some cases involve the undisputedly vested rights of *permanent,* not probationary, employees (*Arnett* v. *Kennedy, supra,* 416 U.S. 134; *Skelly* v. *State Personnel Bd., supra,* 15 Cal.3d 194; *Hadley* v. *City of Ontario* (1974) 43 Cal.App.3d 121 [117 Cal.Rptr. 513]; *Salyer* v. *County of Los Angeles* (1974) 42 Cal.App.3d 866 [116 Cal.Rptr. 27]), while others examine employee rights vesting from *extant* laws, regulations or policies (*Keenan* v. *S. F. Unified School Dist., supra,* 34 Cal.2d 708; *Kerrigan* v. *Fair Employment Practice Com.* (1979) 91 Cal.App.3d 43 [154 Cal.Rptr. 29]; *Jean* v. *Civil Service Commission* (1977) 71 Cal.App.3d 101 [154 Cal.Rptr. 29]; *Healdsburg Police Officers Assn.* v. *City of Healdsburg* (1976) 57 Cal.App.3d 444 [129 Cal.Rptr. 216]; *Perea* v. *Fales* (1974) 39 Cal.App.3d 939 [114 Cal.Rptr. 808]). No cited

case recognizes a vested right to employment terms after a proper revision of those terms.

Hinchliffe lastly argues the voters did not intend the amended Charter provision to apply to persons already on the City of San Diego payroll. Further, Hinchliffe claims the amendment cannot divest her of due process rights she previously held. However, Hinchliffe's right to a Commission hearing was not created by the concept of due process, but by the legislative act of the voters in adopting a charter provision. The right thus created is "vested" only in the sense it is protectable by the court so long as it exists, but if not so vested it is subject to elimination by the electorate which created it. (See *Risley* v. *Bd. of Civil Service Commrs., supra,* 60 Cal.App.2d 32, 39.) There is no constitutional prohibition to applying this current Charter provision to probationary employees hired before its adoption. Absent a contractual, constitutionally protected right to Commission review, Hinchliffe's argument that the voters did not expressly state the amendment was to apply to existing employees fails.

■ We find no reason to except this case from the general rule "[t]he right of a probationary employee to a hearing is not a constitutional right, but [one that] may be granted or denied by statute. [Citation.]" (*Jean* v. *Civil Service Commission, supra,* 71 Cal.App.3d 101, 109; accord *Swift* v. *County of Placer* (1984) 153 Cal.App.3d 209, 215-216 [200 Cal.Rptr. 181]; *Lubey* v. *City and County of San Francisco* (1979) 98 Cal.App.3d 340, 345 [159 Cal.Rptr. 440].) ■ We conclude Hinchliffe was not entitled to a hearing on discharge, this right being eliminated by amendment of Charter section 129. We affirm the denial of the writ of mandate by the trial court.[1]

Order affirmed.

Wiener, Acting P. J., and Butler, J., concurred.

---

[1] In deciding this case we do not reach the question of whether Hinchliffe waived a right to a more extensive hearing under the Charter by appealing to and appearing before the police chief's designee.