Filed 2/16/23  Bell v. Coast Community College Dist. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANGELA BELL, | |
| Plaintiff and Appellant, | G060741 |
| v. | (Super. Ct. No. 30-2021-01184221) |
| COAST COMMUNITY COLLEGE DISTRICT, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Martha K. Gooding, Judge.  Affirmed, and remanded to determine attorney fees and costs.

Alexander Morrison + Fehr, Tracy L. Fehr and Jacqueline Gil, for Plaintiff and Appellant.

Callahan & Blaine, David J. Darnell and Brett E. Bitzer, for Defendant and Respondent.

\*          \*          \*

Angela Bell appeals from an order granting respondent Coast Community College District's (District) special motion to strike Bell's defamation claims pursuant to Code of Civil Procedure section 425.16 (section 425.16).[1]  Bell contends the District's defamatory statements are not protected under section 425.16 because they were not made in connection with an issue under review in an official proceeding, such as an internal investigation.  As discussed below, we conclude the alleged defamatory statements are protected under section 425.16, subdivision (e)(2), as statements made in connection with an issue under review in an official proceeding.  Bell contends she can demonstrate a probability of success on the merits of her defamation claims.  As discussed below, we conclude she cannot show her defamation claims have minimal merit because the statements were absolutely privileged under Civil Code section 47 and Bell has not provided admissible evidence showing any republication occurred.  Accordingly, we affirm the order.  We remand the matter to the trial court for a determination of appellate attorney fees and costs to be awarded to the District.

I

FACTUAL AND PROCEDURAL BACKGROUND

On February 16, 2021, Bell filed a complaint against the District, alleging multiple causes of action, including a defamation claim and retaliation and discrimination claims based on an allegedly pretextual investigation and defamation.  The complaint alleged Bell worked for the District for 13 years.  After she allegedly "reported and refused to engage in improper governmental activities and an illegal misuse of public funds," the District launched a "retaliatory and pretextual investigation of [Bell]" in June 2019.  After a three-month investigation, the District accused Bell of discriminating against fellow employees based on their sexual orientation.  On October 9, 2019, the District issued Bell "a notice of intent to terminate [her employment] and notice of a

_____

[1] All further statutory references are to the Code of Civil Procedure unless otherwise designated.

2

*Skelly* [(*Skelly v. State Personnel Board* (1975) 15 Cal.3d. 194) (*Skelly*)] hearing." The complaint alleged that in response to the termination notice, Bell was forced to take early retirement to protect her earned retirement benefits.

In the defamation cause of action, the complaint alleged that the District made false statements impugning Bell's character and professionalism to her former colleagues and supervisors. Specifically, the District stated Bell unlawfully discriminated against two District employees by refusing to process reclassification paperwork because of their sexual orientation. The complaint further alleged that the District "first published these defamatory statements in or around September and October 2019 and [has] and continued to republish these statements as of this date."

On April 19, 2021, the District filed a special motion to strike, among other claims, the defamation claims pursuant to section 425.16. In the anti-SLAPP motion, the District argued the defamation claims arose from an internal investigation into the reasons why Bell refused to process the promotion of two District employees and the District's express findings at the conclusion of the investigation that Bell unlawfully discriminated against the two employees on the basis of sexual orientation. The motion contended the District's internal investigation of Bell was protected activity under section 425.16, subdivisions (e)(1) and (e)(2). It further argued that Bell cannot meet her burden to present admissible evidence establishing a probability that she would prevail on the defamation claims because the purported defamatory statements are absolutely privileged by Civil Code section 47.

The anti-SLAPP motion set forth the following chronology of events. According to the District, Bell was hired in 2007, and one of her duties was to process promotions or reclassifications of employees. In May 2019, the District's Board of Trustees approved the promotion or reclassifications of numerous employees. Bell processed all promotions or reclassifications, except for two employees, who openly identified as gay. In response to a complaint about Bell's refusal to process those two

3

reclassifications, the District commenced an internal investigation and retained an outside firm to assist. Over the next three months, the outside firm reviewed numerous records and interviewed eight District employees, including Bell twice. The firm produced a 51-page investigative report, dated September 9, 2019, which was provided to the District and Bell. The report, attached to the anti-SLAPP motion, noted that Bell provided inconsistent or unsubstantiated reasons for her refusal to process the two reclassifications, but "defer[red] to the District and its legal counsel as to whether discriminatory conduct was found to have occurred."

On September 11, 2019, the District sent Bell a letter advising her of the results of the internal investigation and its determination that there was probable cause to conclude Bell had engaged in unlawful discriminatory conduct based on sexual orientation in violation of California law and District Policy. On September 30, 2019, the District provided Bell with a Notice of Proposed Disciplinary Action and Statement of Charges pursuant to the Education Code and the Board Policy and Administrative Procedures, based on Bell's refusal to process the reclassifications of the two gay employees and "further and subsequent discriminatory conduct" against another employee in July 2019.

The Notice of Proposed Disciplinary Action informed Bell she had the right to a predisciplinary or *Skelly* conference, which was tentatively scheduled for October 9, 2019. According to the District, however, Bell never exercised her right to a *Skelly* conference because on October 3, 2019, Bell informed the District she had been placed on medical leave. Bell never returned from leave and on May 2020, she provided notice of her intent to retire.

Bell opposed the anti-SLAPP motion, arguing her defamation claims did not arise from protected activity and she could demonstrate a probability of prevailing on the claim. Bell asserted her defamation claims "allege[ ] that the reasons given in the notice of proposed termination were false and defamatory." She argued the defamatory

4

statements were not protected because they were made "after and independent of the investigation." Bell further argued she could show her defamation claims had the requisite minimal merit because the District's defamatory statements were made "after the investigation concluded, when no litigation was contemplated, much less imminent." In a supporting declaration, Bell denied she refused to process the two reclassifications because of the employees' sexual orientation. She asserted that during her tenure with the District, she processed "innumerable personnel action forms for individuals who openly identify as gay." Bell asserted that the defamatory statements have been republished because based on information and belief her personnel file, which contains a copy of the District's Notice of Disciplinary Action, continues to be viewed by individuals. Additionally, Bell averred, based on information and belief, that the "District continues to repeat and relay these accusations about me to third parties, independent of my personnel file."

In reply, the District argued the alleged defamatory statements were protected because the statements all arose from the District's internal investigation. The District also argued Bell could not show her defamation claims had merit because the statements are absolutely privileged under Civil Code section 47, since they were made in connection with the internal investigation. Moreover, according to the District, Bell had not presented admissible evidence the District republished the defamatory statements after September 2019. In connection with this argument, the District filed evidentiary objections to portions of Bell's declarations that were based on information and belief.

On August 11, 2021, the trial court sustained the District's evidentiary objections to the statements in Bell's declaration based on information and belief. The court partially granted the District's special motion to strike. It determined the alleged defamatory statements were protected because the statements were made in the course of and in connection with the internal investigation. It further concluded Bell could not show a probability of success on the defamation claim because the statements were

5

absolutely privileged by Civil Code section 47.  It struck the defamation claim and the defamatory allegations in the retaliation and discrimination claims.  However, the court denied the request to strike the retaliation and discrimination claims to the extent they were based on the allegedly pretextual investigation.

Bell timely noticed an appeal from the order.  Because there was no court reporter at the hearing on the anti-SLAPP motion, Bell sought approval of a settled statement, which the trial court denied.  Bell subsequently filed a writ of mandate or prohibition with this court, which we denied because "the only issues identified by petitioner in the proposed settled statement are reviewed de novo by this court based on the applicable pleadings."  In her opening brief, Bell argues the trial court abused its discretion in refusing to certify a settled statement.  She claims the error is prejudicial because she cannot show her defamation claims were not based on the statements made during the outside firm's investigation.  We find no prejudicial error and we independently address this argument below.

II

DISCUSSION

The Legislature enacted section 425.16 to provide a procedural remedy to dispose of meritless "lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a); *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055-1056 (*Rusheen*).) Litigation of an anti-SLAPP motion involves a two-step process.  "At the first step, the moving defendant bears the burden of identifying all allegations of protected activity, and the claims for relief supported by them. . . . If the court determines that relief is sought based on allegations arising from activity protected by the statute, the second step is reached.  There, the burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated.  The court, without resolving evidentiary conflicts, must determine whether the plaintiff's

6

showing, if accepted by the trier of fact, would be sufficient to sustain a favorable judgment.  If not, the claim is stricken."  (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 396 (*Baral*).)

We review de novo the grant of an anti-SLAPP motion.  (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067.)  "We exercise independent judgment in determining whether, based on our own review of the record, the challenged claims arise from protected activity."  (*Ibid*.)  Moreover, in interpreting section 425.16, we must construe the statute broadly.  (See § 425.16, subd. (a) ["this section shall be construed broadly"].)

A.  *The Challenged Statements Are Protected Activity*

At the first step of the anti-SLAPP analysis, we must determine whether Bell's defamation claims arose from a protected activity.  Section 425.16, subdivision (e)(2) protects "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law."  Bell acknowledges that an internal investigation qualifies as an "official proceeding authorized by law."  (See *Laker v. Board of Trustees of California State University* (2019) 32 Cal.App.5th 745, 765 ["internal investigations by schools into claims of discrimination qualify as 'official proceedings authorized by law'"].)  Defamation describes a "quintessential speech activit[y] and thus [is] protected under section 425.16, subdivision (e)(2) to the extent the speech was made in connection with [an official proceeding]."  (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1016 (*Bonni*).)

Bell's defamation claims are based on three alleged statements: (1) the September 11, 2019 letter, wherein the District concluded based on the outside firm's investigation, that there was probable cause to find Bell had engaged in discriminatory conduct; (2) the September 30, 2019 Notice of Proposed Disciplinary Action, wherein the District charged Bell with engaging in discriminatory conduct in May and July 2019; and

7

(3) republication of those prior statements after Bell resigned. As discussed further below, we conclude the statements are protected activity because they were made in connection with an issue under consideration or review in an official proceeding.

Bell argues the allegedly defamatory statements in the September 11, 2019 letter and the September 30, 2019 notice are not protected because they were made after the internal investigation concluded. (See *Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 627 (*Rand*) [section 425.16, subdivision (e)(2) "appears to contemplate an ongoing—or, at the very least, immediately pending—official proceeding. Conversely, if an issue is not presently 'under consideration or review' by such authorized bodies, then no expression—even if related to that issue—could be 'made in connection with an issue under consideration or review'"].) However, her argument is based on the outside firm concluding its investigative work, which unduly constrains the scope of the official proceeding here.

As the California Supreme Court has explained, a proceeding required by statute qualifies as '"an official proceeding authorized by law"' under section 425.16. (*Kibler v. Northern Inyo County Local Hospital Dist.* (2006) 39 Cal.4th 192, 197.) In its anti-SLAPP motion, the District asserted Bell's defamatory claims arose from statements related to an issue under review in an administrative proceeding or investigation authorized under the Education Code. Black's Law Dictionary defines "administrative proceeding" as "[a] hearing, inquiry, investigation, or trial before an administrative agency." (Black's Law Dictionary (11th ed. 2019).) Here, Education Code section 88013 authorizes the "governing board of a community college district [to] prescribe written rules and regulations governing the personnel management of the classified service [employees]." (Ed. Code, § 88013, subd. (a).) It further authorizes the "governing board [to] adopt rules of procedure for disciplinary proceedings that shall contain a provision for informing the employee by written notice of the specific charges against the employee, a statement of the employee's right to a hearing on those charges,

8

and the time within which the hearing may be requested which shall be not less than five days after service of the notice to the employee, and a card or paper, the signing and filing of which shall constitute a demand for hearing, and a denial of all charges." (Ed. Code, § 88013, subd. (c).)

Pursuant to the Education Code, the District's governing board promulgated Board Policy 7365 and Administrative Procedure 7365. The policy provides that employees may be disciplined for "[w]illful violation of policies," including the District's antidiscrimination policy. Administrative Procedure 7365 sets forth the grounds for and types of disciplinary action. It provides: "The District has the option to notify or not notify employees regarding disciplinary or harassment investigations." It further provides for notice of proposed disciplinary action to the employee based on charges, the right of the employee to a *Skelly* conference to refute the charges, and appeal and hearing rights.

The "official proceeding" here is the disciplinary proceeding against Bell for her alleged discriminatory conduct. The issues under review included whether Bell engaged in discriminatory conduct and whether her conduct warranted termination. The September 11, 2019 letter to Bell communicated the District's determination there was probable cause to find she engaged in discriminatory conduct based on the outside firm's investigation. The September 30, 2019 notice to Bell communicated the District's determination that her conduct warranted termination. Thus, the alleged defamatory statements in the letter and notice were made during the disciplinary proceeding and were directly connected to issues under review in the disciplinary proceeding. Accordingly, they are protected under section 425.16. (Cf. *Tichinin v. City of Morgan Hill* (2009) 177 Cal.App.4th 1049, 1061 ["investigative reports by the Council's surveillance subcommittee reports, the Council's hearing, and subsequent resolution adopted by Council" are "acts by the City that would qualify for protection under the anti-SLAPP statute"].)

9

Even if the internal investigation and *Skelly* meeting are considered separate proceedings, the letter and notice still qualify as protected under section 425.16. The September 11, 2019 letter communicated the results of the outside firm's internal investigation to Bell. (Cf. *Vergos v. McNeal* (2007) 146 Cal.App.4th 1387, 1397 [concluding section 425.16 applies to the communicative act of denying plaintiff's grievances because "[t]he hearing, processing, and deciding of the grievances (as alleged in the complaint) are meaningless without a communication of the adverse results"]; see also *Miller v. City of Los Angeles* (2008) 169 Cal.App.4th 1373, 1383 ["the first prong of section 425.16 is satisfied" where defamation claim based on "City's investigation into Miller's conduct in connection with his public employment and its determination and report that he had engaged in misconduct on the job"]; *Guarino v. County of Siskiyou* (2018) 21 Cal.App.5th 1170, 1181 ["The internal investigation into wrongdoing by Guarino, which ultimately led to the filing of an accusation against him pursuant to Government Code section 27641 was an official proceeding authorized by law and thus any statements made before or in connection with that investigation arose from protected activity"].)

The September 30, 2019 notice was made in connection with (1) another investigation, which allegedly revealed Bell engaged in additional discriminatory conduct, (2) the *Skelly* conference, or (3) the termination proceeding. The notice thus was made in connection with an investigation or to initiate another official proceeding, and thus the allegedly defamatory statements in the notice are protected. (See *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 (*Briggs*) ["'communications preparatory to or in anticipation of the bringing of an action or other official proceeding are . . . entitled to the benefits of section 425.16.' [Citations.]"]; *Hansen v. Department of Corrections & Rehabilitation* (2008) 171 Cal.App.4th 1537, 1544 ["Although Hansen was never formally charged with misconduct or a crime,

10

communications preparatory to or in anticipation of the bringing of an official proceeding are within the protection of section 425.16."].)[2]

Finally, the republished statements are protected because they were made in connection with the disciplinary proceeding. Bell argues they are not protected because they were made well after the proceeding concluded. We disagree. Section 425.16, subdivision (e)(2), does not expressly limit the "issue under consideration or review . . . [in] any official proceeding authorized by law." The language is silent on any time constraints, and thus, is open to an interpretation that it includes an issue that *was* under review in the official proceeding.

Case law supports our interpretation that section 425.16 can protect statements made after an official proceeding has concluded. In *Okorie v. Los Angeles Unified School Dist.* (2017) 14 Cal.App.5th 574, disapproved on other ground by *Bonni*, *supra*, 11 Cal.5th at p. 1012, fn.2, the appellate court concluded that a school district and its employees' "statements and communicative conduct both before and *after* the molestation investigation" are protected under section 425.16, subdivision (e)(2).[3] (Italics added.) Additionally, courts have often looked to Civil Code section 47 to assist in construing the scope of section 425.16, subdivision (e)(2). (See *Flatley v. Mauro* (2006) 39 Cal.4th 299, 322-323 ["Past decisions of this court and the Court of Appeal

---

[2] Nothing in the record suggests the District was limited to conducting a single investigation into the complaint against Bell.

[3] In *Bonni*, the Supreme Court disapproved *Okorie* to the extent it struck an entire claim without parsing out the allegation of protected and unprotected activity in the claim. (*Bonni*, *supra*, 11 Cal.5th at pp. 1010-1011.) In *Okorie*, the appellate court struck entire claims that it acknowledges were based on protected and unprotected activity. (*Okorie*, *supra*, 14 Cal.App.5th at p. 592 ["while some of those adverse employment actions involve arguably unprotected decisions by LAUSD (e.g., removal of Okorie from his classroom to his home; reassignment of Okorie from his home to ESC, the so-called teacher's jail), the bulk of those actions were statements or communicative conduct made by LAUSD personnel"].)

have looked to the litigation privilege as an aid in construing the scope of section 425.16, subdivision (e)(1) and (2) with respect to the first step of the two-step anti-SLAPP inquiry"].)  In *Rusheen*, *supra*, the high court found the litigation privilege "is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or *afterwards*." (*Rusheen*, *supra*, 37 Cal.4th at p. 1057, italics added.)

Bell's reliance on *Rand*, *supra*, 6 Cal.5th 610, is misplaced.  There, the high court addressed a claim for promissory fraud premised on a statement concerning renewal that a defendant, City Attorney Bill Wynder, "made in 2012, about two years before the renewal issue even came before the City Council." (*Id.* at p. 627.)  The high court determined the statement was not protected activity because it did not involve an issue under consideration or review in an official proceeding.  It explained:  "'[U]nder consideration or review' does not mean any issue a legislative body may conceivably decide to take up months or years in the future." (*Ibid*.)  Rather, "'[p]reparatory communications do not qualify as a protected activity if future litigation is not anticipated, and is therefore only a "possibility"—and this is true even if the communication is a necessary prerequisite to any future litigation.'" (*Ibid.*, quoting *Mission Beverage Co. v. Pabst Brewing Co., LLC* (2017) 15 Cal.App.5th 686, 703.) *Rand* is distinguishable because it involved statements that predate any official proceeding, whereas here, the challenged statements occurred during or after an official proceeding.  The *Rand* court never addressed whether statements made in connection with an issue that *was* under review is protected.  Accordingly, *Rand* does not support Bell's contention that the statements at issue in this case cannot be protected under section 425.16, subdivision (e)(2).

Because we must construe section 425.16 broadly, we conclude that the challenged statements are protected because they were made in connection with an issue that was under review in an official proceeding.  The statements form the basis for Bell's

12

defamation claim, and thus the defamation claims arose from protected activity and are subject to a special motion to strike under section 425.16.

B.  *Bell Cannot Show Her Defamation Claims Have Minimal Merit*

Because the District has shown the defamation claims arose from protected activity, the burden shifts to Bell to show her claims have minimal merit.  (See *Cole v. Patricia A. Meyer & Associates, APC* (2012) 206 Cal.App.4th 1095, 1105 ["plaintiff's cause of action needs to have only "'minimal merit" [citation]' to survive an anti-SLAPP motion"].)  "To do so, [Bell] must state and substantiate a legally sufficient claim." (*Finton Construction, Inc. v. Bidna & Keys, APLC* (2015) 238 Cal.App.4th 200, 211.)

"The tort of defamation 'involves (a) a publication that is (b) false, (c) defamatory, and (d) *unprivileged*, and that (e) has a natural tendency to injure or that causes special damage.' [Citation]" (*Taus v. Loftus* (2007) 40 Cal.4th 683, 720, italics added.)  "'A plaintiff cannot establish a probability of prevailing if the litigation privilege precludes the defendant's liability on the claim.' [Citation.]  The litigation privilege is defined in Civil Code section 47, subdivision (b) (section 47(b)), and 'precludes liability arising from a publication or broadcast made in a judicial proceeding or other official proceeding.' [Citation.]" (*Bergstein v. Stroock & Stroock & Lavan LLP* (2015) 236 Cal.App.4th 793, 814, fn. omitted.)  The litigation privilege generally applies "to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." (*Silberg v. Anderson* (1990) 50  Cal.3d 205, 212.)  "Many cases have explained that section 47(b) encompasses not only testimony in court and statements made in pleadings, but also statements made prior to the filing of a lawsuit, whether in preparation for anticipated litigation or to investigate the feasibility of filing a lawsuit." (*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 361.)

13

Here, the statements in the letter and notice that form the basis for Bell's defamation claims are absolutely privileged under Civil Code section 47, subdivision (b). The letter and notice were communications between the parties to the disciplinary proceeding, the District and Bell, during the proceeding. The September 11, 2019 letter communicated the District's determination based on the outside firm's investigation and furthered the objective of the disciplinary action by concluding there was probable cause to find Bell had engaged in discriminatory conduct warranting discipline. The September 30, 2019 notice furthered the objective of the disciplinary action by providing notice of the proposed disciplinary action and the basis for the discipline and by informing Bell about her procedural rights to challenge the charges in a *Skelly* meeting.

Even if the investigation and *Skelly* meeting are viewed as separate proceedings, the statements in the letter and notice would be privileged because they either were communications made in connection with the internal investigations into the complaint against Bell or were communications preparatory to and in anticipation of initiating an official proceeding. (See *Briggs*, *supra*, 19 Cal.4th at p. 1115 ["'communications preparatory to or in anticipation of the bringing of an action or other official proceeding are within the protection of the litigation privilege . . .' [Citation.]"].) Moreover, an official proceeding was contemplated in good faith and under serious consideration when the District sent the letter and notice. (See *Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1251 ["A prelitigation communication is privileged only when it relates to litigation that is contemplated in good faith and under serious consideration"].) In the September 11, 2019 letter, the District expressly informed Bell that it was preparing for the "next steps" in the disciplinary action. Based on Administrative Policy 7365, the next steps would include the notice of proposed disciplinary action and the *Skelly* conference. When the

14

September 30, 2019 notice was sent to Bell, the District had scheduled the *Skelly* conference.[4]

As to the alleged republication of the letter and notice or their contents, we conclude Bell has not substantiated that republication occurred. Bell's sole evidence that the statements were republished is her averments in her declaration, which are based on information and belief. However, "[a]n averment on information and belief is inadmissible at trial, and thus cannot show a probability of prevailing on the claim." (*Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1498.) Thus, Bell has not met her burden to show the defamation claim is "legally sufficient and factually substantiated." (*Baral*, *supra*, 1 Cal.5th at p. 396.) Accordingly, the trial court properly granted the District's special motion to strike the defamation claims.

---

[4] We reject Bell's contention that the litigation privilege here can be defeated with a showing of malice. That malice exception applies to the litigation privilege under Civil Code section 47, subdivision (c). The litigation privilege here is for statements made in the course of an official proceeding under Civil Code section 47, subdivision (b). "For policy reasons, even an act committed fraudulently or *with malice* is privileged under section 47, subdivision (b)." (*O'Keefe v. Kompa* (2000) 84 Cal.App.4th 130, 135, italics added.)

### III

### DISPOSITION

The trial court's order partially granting the District's special motion to strike pursuant to section 425.16 is affirmed.  The District shall recover costs and attorney fees incurred on appeal, in an amount to be determined by the trial court.


DELANEY, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.

16